Plaintiff claims that he suffered damage to his truck in the sum of $233.01 on March 21, 1945, when it was struck by a car driven by defendant at the intersection of the Airline Highway and the Plank Road a few miles north of Baton Rouge. Defendant was coming south on the Plank Road and the truck of plaintiff was being driven east by Ben Bordelon, plaintiff's employee. The Airline Highway is admittedly a through highway and has the right of way over the intersecting Plank Road, a car approaching on this Plank Road from the north being required to stop before crossing the Airline Highway. There are two traffic lanes on the Airline Highway at this intersection, with a neutral ground some 25 feet wide in the middle, the north and the south traffic lanes each being about 36 feet wide.
It is the contention of the plaintiff that the defendant did not stop at the intersection as required by law, but entered the intersection at an excessive rate of speed, without looking for approaching traffic, and failed to see plaintiff's truck approaching from the west on the Airline Highway on the south traffic lane; that the defendant was driving his car while under the influence of intoxicating liquor, and collided with the truck while the driver of the truck was on his side of the highway and driving in a proper manner. The defendant denied any negligence on his part, and alleged that he stopped before entering the north lane of the Airline Highway and saw the truck approaching more than 300 feet from the intersection; that he then proceeded across the north traffic lane and entered the south traffic lane, turned to his left and had proceeded east on the south traffic lane of the Airline Highway ahead of the truck approximately 151 feet when his car was struck from the rear by the truck which was being driven at a careless and dangerous rate of speed and was out of control of the driver.
Defendant alleged that the collision was caused by the negligence of the driver of the truck in operating the truck in a dangerous, careless and reckless manner at an excessive and dangerous rate of speed, and in approaching and crossing the *Page 107 
intersection at an unlawful rate of speed; that he was further negligent in that he had a space of approximately 30 feet to have driven to the left of and around defendant car which was ahead of the truck and proceeding in the same direction as the truck on the right side of the south traffic lane. In the alternative, defendant avers that if the court finds that he was guilty of any negligence, he alleges that the driver of plaintiff's truck was guilty of contributory negligence which bars plaintiff's recovery. Also as an alternative plea, he alleges that the driver of the truck had the last clear chance to avoid the accident.
The trial judge rendered a judgment in favor of the defendant, rejecting plaintiff's demands, and the latter has appealed.
Plaintiff testified that he was traveling ahead of his truck in a car by himself, and the truck was following him about 150 feet in the rear; that he was going from 20 to 22 miles per hour and the truck was going about the same speed, and as he crossed the intersection he saw the defendant coming down the Plank Road about 100 feet away, but he could not state definitely whether or not defendant stopped at the crossing. He stated that defendant was going at a moderate rate of speed when he saw him approaching the intersection. This witness testified that he saw the collision of the car and truck through his rear mirror.
The only other witness for plaintiff as to how the accident happened was the driver of the truck. He says that he was driving about 20 miles per hour, and saw defendant making the left turn into the traffic lane in which the truck was traveling; that the car was about 15 feet ahead of him when he first saw it, and at that time, the car was turning left into his lane of travel at about a 45 degree angle when the right front bumper of the truck struck the left rear part of defendant's car; that he pulled the truck to his right, but it got out of control and turned over in a ditch on the south side of the road. The driver of the truck says that the collision occurred about 10 feet east of the intersection.
Defendant testified that he was coming south on the Plank Road on his way home from work at Harding Field, and when he reached the intersection of the Airline Highway he stopped and looked east and west and saw the truck coming from the west about 300 feet away; that he: then started across, made the turn to his left and got on his right side of the traffic lane going east, and when he had gone about 151 feet from the intersection, the truck ran into the rear left side of his car. His car stayed on the road and the truck turned over in the ditch. He says he was not under the influence of intoxicating liquor. He says he had crossed the intersection before the truck entered it. A man in the car with the defendant testified substantially the same as the defendant as to how the accident happened.
Another man in a car behind the defendant testified that the defendant stopped at the intersection, and the truck was about 500 feet behind the car which plaintiff was driving; that defendant started up his car and turned left on the south traffic lane and had gone about 90 feet from the intersection when the truck struck the rear end of defendant's car.
From the evidence of the defendant and his two witnesses, as well as the testimony of the truck driver himself, it is clear that the defendant had made the left turn into the south lane of traffic of the Airline Highway when the rear left part of his car was struck by the right front part of the truck. The only point in dispute is the distance from the intersection where the collision occurred. We think the testimony of Mr. Bourgeois, the man driving behind defendant, is more nearly correct than the testimony of any other witness on this point. He measured the distance from the intersection to a point where there was some fresh dirt which he assumed came off the truck where the collision occurred and this was 90 feet. The point where the truck turned over was about 150 feet from the intersection.
Assuming that the truck ran into the rear of defendant's car between 10 and 90 feet of the intersection, it is obvious that defendant had crossed the intersection and made a left turn into the left traffic lane. The truck must have been some distance from the intersection when defendant started across and he not only entered the intersection before the truck reached it, but he had practically crossed the intersection and made the turn before the truck got into the intersection. Defendant had traveled across the 36 foot north traffic lane, the 25 foot neutral ground, and had gone partly across the south lane and turned east when his car was *Page 108 
struck from the rear. This indicates that the truck must have been two or three hundred feet from the intersection when defendant started across, if the truck was going no faster than the driver says he was going. The defendant had a right to cross the intersection if the truck was that distance away, and he had a right to assume that the driver of the truck would permit him to make the crossing.
We do not find that the defendant was negligent, and there is no need to consider the alleged contributory negligence of the truck driver or the question of whether or not contributory negligence was properly pleaded.
For the reasons assigned, the judgment appealed from is affirmed at the cost of plaintiff in both courts.